| | | |
|---|---|---|
| ESTADO LIBRE ASOCIADO DE PUERTO RICO<br>TRIBUNAL DE APELACIONES<br>PANEL ESPECIAL | | |
| ROSA ISELA CRUZ SÁNCHEZ Y OTROS<br>Recurridos<br><br>v.<br><br>TRANS-OCEANIC LIFE INSURANCE COMPANY Y OTROS<br>Peticionarios<br>_____<br><br>DALITZA LUGO SOLER Y OTROS<br>Recurridos<br><br>v.<br><br>TRANS-OCEANIC LIFE INSURANCE COMPANY Y OTROS<br>Peticionarios<br>_____<br><br>LUVY ANN ROLDÁN GONZÁLEZ Y OTROS<br>Recurridos<br><br>v.<br><br>TRANS-OCEANIC LIFE INSURANCE COMPANY Y OTROS<br>Peticionarios<br>_____<br><br>ZORAIDA MÉNDEZ CARRERO Y OTROS<br>Recurridos<br><br>v.<br><br>TRANS-OCEANIC LIFE INSURANCE COMPANY Y OTROS<br>Peticionarios<br>_____<br><br>SANDRA MONSEGUR SUÁREZ Y OTROS<br>Recurridos<br><br>v.<br><br>TRANS-OCEANIC LIFE INSURANCE COMPANY Y OTROS<br>Peticionarios | TA2025CE00520 | Recurso de *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.<br>D AC2009-1225 consolidado con D AC2009-2359; D AC2011-0150; D AC2010-3935 y D AC2019-0008<br><br>Sobre:<br>Incumplimiento de contrato, cobro de dinero, daños y perjuicios |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

Rivera Marchand, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 28 de octubre de 2025.

Comparece Universal Life Insurance Company (ULICO) y nos solicita la revocación de una *Resolución* emitida el 29 de julio de 2025 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario). En esta, el TPI denegó la *Moción para que el desistimiento de TOLIC sobre los reclamos y defensas de reemplazo sea con perjuicio* promovida por ULICO.

Por los fundamentos que exponemos a continuación, denegamos la expedición del auto de *certiorari.*

**I.**

Nos corresponde atender un cuestionamiento de naturaleza interlocutoria promovida por ULICO, relacionado al pleito de título que inició en el año 2009. Como bien surge en detalle de los distintos recursos previamente presentados ante esta Curia, la señora Rosa Isela Cruz Sánchez y otros agentes reclamaron a TOLIC y a ULICO, así como a Touma & Taveras, el pago en concepto de comisiones generados sobre pólizas de cáncer, enfermedades temidas y accidentes. Ello, a partir de las transferencias de las referidas carteras de ULICO a favor de TOLIC en el año 2008.[1]

Como parte del extenso litigio se enmendó la demanda en una tercera ocasión, el 30 de mayo de 2019. A esa fecha, se habían consolidado las demandas interpuestas y pendían demandas contra coparte y distintas reconvenciones. Atinente al recurso ante nos,

---

[1] Para un detalle del tracto procesal nos remitimos a lo expuesto en los siguientes recursos: KLCE202500300 consolidado con KLCE202500320 emitida el 16 de mayo de 2025 y el Voto Disidente de la Jueza Rivera Marchand; KLCE202500655 consolidado con KLCE202500664; KLCE202500321; KLCE202100416; KLCE202100440; KLCE201800579; KLCE201800801; KLCE201800792; KLCE201800786 consolidado con KLCE201800814; KLCE2015001811; KLCE2015001271; KLCE201600731; KLCE201200069; KLCE201200033; KLAN20111607 consolidado con KLAN2011001615.

TOLIC acreditó su contestación a la Tercera Demanda Enmendada, así como una Reconvención. De igual forma, TOLIC instó una demanda coparte contra ULICO, el 4 de diciembre de 2009. En esa etapa procesal y como parte del manejo del caso, el TPI atendió ciertas solicitudes sobre la inclusión de alegaciones adicionales promovidas por TOLIC después de varios años de litigio.

A esos efectos, el foro primario emitió una primera *Resolución Núm. 2,* el 13 de marzo de 2018, sobre la demanda coparte en la que no autorizó una reclamación suplementaria contra ULICO sobre daños y perjuicios por actos culposos y/o negligentes y/o dolosos y/o productos de incumplimiento de contrato entre TOLIC y ULICO por falta de información en etapa precontractual y/o de solidaridad culposa con Marc Tacher. Dicha *Resolución* fue revisada por un panel hermano y mediante *Sentencia* emitida el 26 de febrero de 2019 (recurso número KLAN201800579), confirmó el dictamen recurrido. Luego, mediante una *Resolución* denominada Núm. 5, notificada el 26 de febrero de 2021, el TPI desautorizó la acumulación de una nueva causa de acción, acápite #32 sobre enriquecimiento injusto en contra de la señora Rosa Isela Cruz Sánchez y otros codemandantes. Lo antes fue cuestionado ante esta Curia y otro panel hermano denegó la expedición del auto de *certiorari* en el Recurso número KLCE202100416.

Ahora bien, durante la etapa con antelación al juicio, TOLIC consignó en el *Segundo Informe Enmendado de Conferencia con Antelación al Juicio* del 22 de enero de 2025, su intención de desistir sin perjuicio de las alegaciones y defensas invocadas sobre el alegado reemplazo de pólizas de la cartera que compró a ULICO, con el fin de litigar el asunto en un pleito independiente en el caso civil número SJ2020CV00136 (908).

En reacción a las expresiones contenidas en el *Segundo Informe Enmendado de Conferencia con Antelación al Juicio,* sobre el

supuesto desistimiento, ULICO presentó el 31 de enero de 2025, *Moción para que el desistimiento de TOLIC sobre los reclamos y defensas de reemplazo sea con perjuicio*. Luego instó un escrito suplementando la referida moción el 14 de febrero de 2025. A lo antes, se opusieron los demandantes mediante *Moción para que el desistimiento por TOLIC sea con perjuicio*. En su moción destacó que, su desistimiento en este pleito de dicha reclamación sobre reemplazo de pólizas de cartera objeto de la venta del 11 de abril de 2008, responde al mandato del Tribunal de Apelaciones de la *Sentencia* emitida del 26 de febrero de 2019, en el recurso número KLAN201800579, razón por la cual, TOLIC instó un pleito independiente contra ULICO, el cual a la fecha queda pendiente en la Sala Superior de San Juan.

En la réplica conjunta presentada el 1 de abril de 2025, ULICO y los codemandantes argumentaron en esencia que, procede declarar que el desistimiento sea, con perjuicio, porque incurrieron en extenso descubrimiento de prueba y se quedaron expuestos a que se levante la misma reclamación en el futuro después de más de una década de litigio, lo cual causaría un daño real a las partes por el gasto excesivo, entre otros daños.

El TPI justiprecio las referidas mociones y escritos posteriores y emitió la *Resolución* impugnada en la que destacó que, en una etapa anterior, había atendido la intención de TOLIC de incluir alegaciones sobre enriquecimiento injusto en contra de los demandantes, así como alegaciones contra ULICO a través de enmiendas a la demanda coparte, sobre la temática de la cancelación de pólizas adquiridas en el 2008 para ser reemplazadas en aseguradoras de su competencia. Razonó que, los asuntos que TOLIC pretende eliminar mediante el *Segundo Informe Enmendado de Conferencia con Antelación al Juicio* del 22 de enero de 2025, versan sobre los mismos temas. Ante ello, dictaminó que la súplica

de ULICO resultaba académica, por lo que, resulta inconsecuente las expresiones contenidas en el referido Informe sobre un desistimiento de una causal que no fue autorizada por el TPI. Ahora bien, al entender sobre el petitorio de reconsideración, el TPI declaró ha lugar la solicitud de TOLIC de hacer extensiva la referida determinación al caso de *Sandra Monsegur Suárez y otros vs. Trans Oceanic Life Insurance Company y otros*, pendiente ante el mismo foro de instancia.[2]

Inconforme, ULICO comparece ante esta Curia y señala los siguientes errores:

> Erró el TPI al concluir que en los casos originales era académica la solicitud de que fuera con perjuicio el desistimiento pretendido por TOLIC de las causas de acción, alegaciones y defensas afirmativas sobre el reemplazo de pólizas.

> Erró el TPI al conceder en reconsideración el desistimiento sin perjuicio de los reclamos de reemplazo en el caso de *Sandra Monsegur*, mediante una resolución sin fundamentar.

> Erró el TPI al conceder en reconsideración el desistimiento sin perjuicio de los reclamos de reemplazo en el caso de *Sandra Monsegur*, sin considerar que esto causa perjuicio a las demás partes ni la etapa tan avanzada en que se solicita, luego de un extensísimo descubrimiento de prueba y a la antesala del juicio.

En reacción, TOLIC comparece mediante *Oposición a Petición de Certiorari*, el 8 de octubre de 2025, por lo que, con el beneficio de las posturas de las partes, procedemos a resolver.

**II.**

**A. *Certiorari***

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una

---

[2] Notificada en autos el 27 de agosto de 2025.

sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari*. *Rivera et al. v. Arcos Dorados et al.,* supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.,* 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. *Íd.* El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *800 Ponce de León v. AIG,* 205 DPR 163, 191 (2020).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR

42, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari*. *BPPR v. SLG Gómez-López,* 213 DPR 314 (2023). La citada regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Íd.* A tenor de la Regla 11(C) de nuestro Reglamento, *supra,* cuando la citada Regla 52.1 impida expedir el auto de *certiorari,* procede denegar su expedición.

**III.**

El peticionario invoca nuestra jurisdicción con el fin de lograr la expedición del auto de *certiorari* y revocación del dictamen recurrido. Surge del expediente múltiples sucesos procesales atinentes a la reclamación de TOLIC, sobre deudas por adelantos de comisiones y otros, así como por daños económicos por cancelar y reemplazar pólizas del portfolio comprado a ULICO, el 11 de abril de

2000 ante el foro primario y ante esta Curia. De esta forma constatamos que, en efecto, el foro primario mediante dos resoluciones emitidas en el 2018 y luego en el 2021, respectivamente, no permitió a TOLIC la inclusión de alegaciones adicionales y/o causas de acción sobre el tema de reemplazo de pólizas, enriquecimiento injusto entre otros análogos. Añádase a ello que, surge del *Segundo Informe Enmendado de Conferencia con Antelación al Juicio*, TOLIC consignó lo siguiente:

> Se informa muy respetuosamente que, TOLIC está desistiendo sin perjuicio a las alegaciones y defensas afirmativas invocadas sobre dicho asunto en particular, para ser dirimidas en el precitado caso.[3]

Observamos que, en efecto, las referidas expresiones de TOLIC parecen hacer referencia a unas alegaciones que ya habían sido vedadas por el foro primario en etapas procesales anteriores, que inclusive, penden ante la atención de otra sala del foro judicial en el caso civil número SJ2020CV00136 (908). El TPI específicamente consignó que, ante este cuadro fáctico procesal, lo procedente es que queden eliminados todos los acápites mencionados sobre el tema de cancelación y reemplazo de pólizas a favor de los competidores de TOLIC.

Tras una evaluación detenida del voluminoso expediente y nuestra revisión del extenso tracto procesal, colegimos que, el asunto traído a nuestra consideración, en esencia, versa sobre un aspecto del manejo del caso por el foro primario y no está comprendido específicamente dentro del marco de la Regla 52.1 de las Reglas de Procedimiento Civil, *supra*. Aún si, consideráramos que, el dictamen recurrido es revisable al palio de la Regla 52.1, *supra*, lo cierto es que como resultado del análisis correspondiente no se supera el rigor de la Regla 40, *supra*. Entendemos prudente abstenernos de intervenir con el bien fundamentado dictamen

---

[3] Entrada 1, Apéndice 12 en SUMAC, pág. 441.

recurrido, en ausencia de error manifiesto, arbitrariedad o abuso de discreción por parte del foro primario.

**IV.**

Por todo lo antes, denegamos la expedición del auto de *certiorari* según presentado.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones